UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ADREAMA M. DICKERSON                                          CIVIL ACTION

VERSUS                                                        NO: 18-7975

SMG MERCEDES-BENZ SUPERDOME                                   SECTION: T(3)

## ORDER

Before the Court is a Motion for Summary Judgment[1] and reply brief[2] filed by SMG Mercedes-Benz Superdome ("Defendant"). Adreama Dickerson ("Plaintiff") has filed an opposition.[3] For the following reasons, the motion for summary judgment is **GRANTED.**

## FACTUAL AND PROCEDURAL BACKGROUND

This action involves Plaintiff's claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and La. R.S. §23:301, *et seq.* against her former employer.[4] Plaintiff was employed by Defendant as a part-time parking cashier from 2014 to 2018.[5] Plaintiff alleges that she was harassed and threatened by her peers, Tyson Stewart, Patricia Whiton, and Javari Matthews, during her shift on January 8, 2018.[6] Specifically, Javari Matthews made a verbal threat stating Plaintiff "better watch [her] back."[7] Plaintiff reported the incident to her supervisor, Katina Baker, who responded by arriving at the scene and removing Javari Matthews from the property.[8] On January 9, 2018, Plaintiff submitted an incident report to Defendant's human

---

[1] R. Doc. 26.
[2] R. Doc. 36.
[3] R. Doc. 29.
[4] R. Doc. 14.
[5] R. Doc. 26-3, p.13.
[6] R. Doc. 26-3, p.20.
[7] R. Doc. 26-3, p.19.
[8] R. Doc. 26-3, pp.23-24.

1

resources manager, Celeste Saltalamachia,[9] and reported the incident to the parking Manager, Tom Sigle.[10] Tom Sigle reported the incident to another manager, Dan McHargey.[11] Plaintiff testified that Tom Sigle referred to her as a "drama queen," and that later, Plaintiff was informed that another individual in management referred to Plaintiff as a "little black girl."[12]

Plaintiff alleges that her work hours have been significantly reduced since the January 8, 2018 incident and that she has been required to work in close proximity to Patricia Whitten, one of the co-workers who threatened her.[13] Plaintiff also alleges that she was scheduled to work on April 4, 2018, but that she was sent home because there was no available space for her to work.[14] Additionally, Plaintiff alleges that manager Shelley Byrne referred to Plaintiff as "the mean one" in a meeting on June 20, 2018.[15]

On August 21, 2018, Plaintiff initiated this action against Defendant for retaliation, harassment, and racial discrimination in violation of Title VII.[16] Plaintiff also asserts Defendant violated Louisiana's employment discrimination law.[17] Defendant now moves for summary judgment asserting that the undisputed material facts show Plaintiff cannot succeed on any of her Title VII claims.[18]

## LAW AND ANALYSIS

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[19] When assessing

---

[9] R. Doc. 26-5.
[10] R. Doc. 26-3, p.36.
[11] R. Doc. 26-3, pp.36-37.
[12] R. Doc. 26-3, pp.37-39.
[13] R. Doc. 14, ¶27.
[14] R. Doc. 14, ¶32.
[15] R. Doc. 14, ¶40.
[16] R. Docs. 1 and 14.
[17] R. Doc. 14.
[18] R. Doc. 26-1.
[19] Fed. R. Civ. P. 56(a).

2

whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[20] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[21] The party seeking summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact.[22] "Once the movant does so, the burden shifts to the nonmovant to establish an issue of fact that warrants trial."[23]

**1. Plaintiff's Retaliation Claim**

Plaintiff alleges she was retaliated against for meeting with management regarding hostile threats from co-workers by having her work hours reduced and being referred to as "mean" by management.[24] Title VII makes it unlawful for an employer to retaliate against an employee who opposes an employment practice that violates Title VII.[25] To establish a *prima facie* case of retaliation, a plaintiff must show that (1) she participated in a Title VII protected activity, (2) she suffered an adverse employment action by her employer, and (3) there is a causal connection between the protected activity and the adverse action.[26] Summary judgment is appropriate if the plaintiff cannot support all three elements.[27]

---

[20] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co*., 530 F.3d 395, 398–99 (5th Cir. 2008).
[21] *Galindo v. Precision Am. Corp*., 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).
[22] *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).
[23] *Smith v. Reg'l Transit Auth*., 827 F.3d 412, 420 n.4 (5th Cir. 2016).
[24] R. Doc. 17, ¶¶57-59.
[25] 42 U.S.C. § 2000e–3(a).
[26] *Stewart v. Mississippi Transp. Comm'n,* 586 F.3d 321, 331 (5th Cir. 2009) *(citing Aryain v. Wal–Mart Stores Tex. LP*, 534 F.3d 473, 484 (5th Cir. 2008)).
[27] *Hunt v. Rapides Healthcare Sys. LLC*, 277 F.3d 757, 769 (5th Cir. 2001).

Defendant contends Plaintiff cannot establish that she participated in a Title VII protected activity.[28] "Protected activity is defined as opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII."[29] For a complaint to qualify as protected activity, Plaintiff must show that she had a reasonable belief that the employment practice she complained about violated Title VII.[30] In this case, the alleged protected activity was Plaintiff's reporting of conduct by co-workers Tyson Stewart, Patricia Whiton, and Javari Matthews during her shift on January 8, 2018, where Javari Matthews stated Plaintiff better watch her back.[31] However, the report made no allegation that the Plaintiff experienced discrimination because she is a member of a protected class.[32] Therefore, the Court finds that Plaintiff's report does not constitute a protected activity under Title VII because the summary judgment evidence does not show that Plaintiff had a subjective belief that the conduct she complained about violated Title VII. Thus, the Court finds that Defendant is entitled to judgment as a matter of law dismissing Plaintiff's retaliation claims.

**2. Plaintiff's Hostile Work Environment Claims**

Plaintiff alleges she was subjected to a hostile work environment because she was harassed by her co-workers during the January 8, 2018 incident and when she was subsequently called a "drama queen," "the mean one," and a "little black girl."[33] To establish a race or gender-based hostile work environment claim under Title VII, a plaintiff must prove each of the following: (1) membership in a protected group; (2) harassment (3) based on a factor rendered impermissible by Title VII; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew

---

[28] R. Doc. 26-1, pp.6-7.
[29] *Ackel v. Nat'l Commc'ns. Inc*., 339 F.3d 376, 385 (5th Cir. 2003) (*quoting Green v. Administrators of the Tulane Educ. Fund*., 284 F.3d 642, 657 (5th Cir. 2002)).
[30] *See EEOC v. Rite Way Servs., Inc*., 819 F.3d 235, 237 (5th Cir. 2016).
[31] R. Doc. 29, p.7.
[32] R. Doc. 26-5, p.3.
[33] R. Doc. 17, ¶¶62-72.

or should have known of the harassment yet failed to address it promptly.[34] "'[W]here the harassment is allegedly committed by a supervisor with immediate or successively higher authority, the plaintiff employee needs to satisfy only the first four of the elements listed above.'"[35] Defendant contends Plaintiff's hostile work environment claim fails because the conduct at issue does not approach the required level of severity or pervasiveness.[36]

To affect a term, condition, or privilege of employment, the harassment complained of must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.[37] "[S]imple teasing, offhand comments, and isolated incidents, (unless extremely serious) will not amount to discriminatory charges" that can survive summary judgment.[38] In *Turner v. Baylor Richardson Med. Ctr.*, the Fifth Circuit affirmed summary judgment dismissing a hostile work environment claim based on the assertion that the employer made comments about "ghetto children," comments related to the employee attending university night school, and comments about the employee's shopping habits.[39] The *Turner* court reasoned that these were isolated incidents and were not severe or frequent enough to give rise to a hostile work environment claim.[40]

The Court finds that the Plaintiff's complaint about the January 8, 2018 incident and the subsequent comments that Plaintiff was a "drama queen," "the mean one," and a "little black girl," while inappropriate, are not severe or pervasive enough to create an abusive working environment. These alleged comments occurred infrequently and are not as severe as other cases where courts

---

[34] *Hernandez v. Yellow Transp., Inc*., 670 F.3d 644, 654 (5th Cir. 2012).
[35] *Parker v. La. Dep't of Special Educ*., 323 F. App'x 321, 325 (5th Cir. 2009) (*quoting Celestine v. Petroleos de Venezuela SA*, 266 F.3d 343, 353 (5th Cir. 2001)).
[36] R. Doc. 26-1, p.11.
[37] *Hernandez*, 670 F.3d at 651.
[38] *Hockman v. Westward Communications, LLC*, 407 F.3d 317, 328 (5th Cir. 2004).
[39] *Turner v. Baylor Richardson Med. Ctr*., 476 F.3d 337, 348 (5th Cir. 2007).
[40] *Turner*, 476 F.3d at 348.

have found a hostile work environment.[41] Plaintiff has, therefore, failed to establish that the alleged harassment was severe or pervasive under Title VII. Thus, the Court finds that Defendant is entitled to judgment as a matter of law dismissing Plaintiff's hostile work environment claims.

### 3. Plaintiff's Failure to Exhaust Administrative Remedies

Plaintiff alleges she was subjected to racial discrimination in violation of Title VII when she was called a "drama queen," "the mean one," and "little black girl."[42] A plaintiff alleging discrimination claims must exhaust her administrative remedies prior to filing suit in the district court by filing a timely charge of discrimination with the EEOC.[43] The scope of an EEOC complaint is liberally construed to determine whether a plaintiff has administratively exhausted a particular claim.[44] "'On the other hand, a primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, in attempt[ing] to achieve non-judicial resolution of employment discrimination claims.'"[45] Balancing these considerations requires a court to interpret "what is properly embraced in review of a Title VII claim somewhat broadly, not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation which 'can reasonably be expected to grow out of the charge of discrimination.'"[46]

The Court finds that Plaintiff has failed to exhaust her administrative remedies regarding the alleged racial discrimination. Plaintiff's charge of discrimination filed with the EEOC indicates that Plaintiff was discriminated against based on "retaliation."[47] In the description of particulars,

---

[41] *See e.g., Walker v. Thompson,* 214 F.3d 615, 625 (5th Cir. 2000); *Daniels v. Essex Group, Inc*., 937 F.2d 1264, 1266 (7th Cir. 1991); *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 182 (4th Cir.2001).
[42] R. Doc. 14, ¶¶73-81.
[43] *Jones v. City of Houston*, 756 Fed.Appx. 341, 2018 WL 6131132, at *5 (5th Cir. Nov. 20, 2018) (*citing* 42 U.S.C. § 2000e-5(f)(1); *Taylor v. Books A Million, Inc*., 296 F.3d 376, 378-79 (5th Cir. 2002)).
[44] *Patton v. Jacobs Eng'g Grp., Inc.,* 874 F.3d 437, 443 (5th Cir. 2017) (*citing Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006)).
[45] *Id*. (*quoting Pacheco*, 448 F.3d at 788-89).
[46] *Id.* (*quoting Pacheco*, 448 F.3d at 789).
[47] R. Doc. 4-1, p.12.

Plaintiff makes no mention of racial discrimination and indicates only that she believes she was "retaliated against in violation of Title VII."[48] Construing Plaintiff's EEOC charge liberally, the Court finds Plaintiff fails to assert a racial discrimination claim and, thus, failed to exhaust her administrative remedies regarding any alleged racial discrimination. Therefore, Defendant is entitled to judgment as a matter of law dismissing Plaintiff's racial discrimination claims.

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion for Summary Judgment is **GRANTED.**

**New Orleans, Louisiana**, on this  20th  day of November, 2019.

      **GREG GERARD GUIDRY**
      **UNITED STATES DISTRICT JUDGE**

---

[48] R. Doc. 4-1, p.12.